PER CURIAM:
Claimants brought this action for vehicle damage which occurred when their 2005 Nissan Altima struck a hole as Claimant Janett Stevens was driving on Camp Creek Road in Lavalette, Wayne County. Camp Creek Road is a public road maintained by Respondent. The Court is of the opinion to make an award in this claim for the reasons more fully set forth below.
*151 The incident giving rise to this claim occurred at approximately 9:3 0 p.m. on October 20, 2009. Camp Creek Road is a narrow, two-lane road. Janett Stevens testified that she was traveling in the rain when her vehicle struck a hole that was forty-seven inches long, twenty-two inches wide and ten inches deep. The hole was located near the center of this unmarked road. Although Ms. Stevens had seen the hole before, she was unable to avoid it because it was dark and the hole was filled with water. She had contacted Respondent on two occasions prior to this incident to report the hole. Camp Creek Road is the only route that Claimants can take to travel to and from their residence. Claimants indicated that the hole had existed for several months. As a result of this incident, Claimants’ vehicle sustained damage to its front, driver’s side wheel and tire inthe amount of $1,050.65. Since Claimants’ insurance deductible was $500.00, Claimants recovery is limited to that amount.
The position of the Respondent is that it did not have actual or constructive notice of the condition on Camp Creek Road. Respondent did not present a witness at the hearing.
The well-established principle of law in West Virginia is that the State is neither an insurer nor a guarantor of the safety of travelers upon its roads. Adkins v. Sims, 130 W.Va. 645, 46 S.E.2d 81 (1947). In order to hold Respondent liable for road defects of this type, a Claimant must prove that Respondent had actual or constructive notice of the defect and a reasonable amount of time to take corrective action. Pritt v. Dep’t of Highways, 16 Ct. Cl. 8 (1985); Chapman v. Dep’t of Highways, 16 Ct. Cl. 103 (1986).
Since Janett Stevens had notified Respondent of the hole prior to this incident, Respondent had actual notice of the hole at this location. Further, the size of the hole and the fact that it had existed for several months leads the Court to conclude that Respondent was negligent. Thus, Claimants may malee a recovery for the damage to their vehicle.
It is the opinion of the Court of Claims that Claimants should be awarded $500.00 in this claim.
Award of $500.00.